IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,            No. 3:17-cr-00050-HZ

       Plaintiff,

   v.

CODY JOE JONAS,                          OPINION

       Defendant.

Billy J. Williams
UNITED STATES ATTORNEY
Paul T. Maloney
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

      Attorney for Plaintiff

Samuel C. Kauffman
KAUFFMAN KILBERG LLC
1001 S.W. Fifth Avenue, Suite 1414
Portland, Oregon 97204

      Attorney for Defendant

1 - OPINION

HERNANDEZ, District Judge:

Defendant Cody Joe Jonas pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). ECF 19. The parties now dispute whether one of Defendant's prior convictions qualifies as a "crime of violence" under the career offender provision of the United States Sentencing Guidelines (USSG). After briefing and oral argument, I announced from the bench that I agreed with Defendant that his prior state robbery conviction was not a crime of violence under this section of the USSG. This Opinion explains my reasoning for that conclusion.

I. USSG

Under USSG § 4B1.1, a defendant is a career offender if, in addition to other requirements not challenged here, the defendant has at least two prior felony convictions of a crime of violence. USSG § 4B1.1(a)(2). The Government argues that Defendant has two such prior felony convictions: (1) robbery affecting interstate commerce in violation of 18 U.S.C. § 1951; and (2) robbery in the first degree under Washington law. Wash. Rev. Code § (RCW) 9A.56.200. Defendant does not contest that the prior federal conviction is a prior crime of violence. Defendant attacks only the Washington robbery conviction.

Under the November 2016 USSG[1], § 4B1.2 defines crime of violence, in relevant part, as:

> (a) . . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

---

[1] The district court applies the version of the USSG in effect at the time of sentencing unless doing so would violate the *ex post facto* clause. *United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016).

(2) is . . . robbery, . . . [or] extortion[.]

USSG § 4B1.2(a).

A prior conviction may be a crime of violence under subsection (a)(1), referred to as the "elements clause," or sometimes as the "force clause," or alternatively, it may qualify as a crime of violence under subsection (a)(2) by virtue of being one of several enumerated offenses. USSG §§ 4B1.2(a)(1), (2). *United States v. Wicklund*, No. 3:15-cr-00015-HZ, 2016 WL 6806341, at *1 (D. Or. Nov. 17, 2016) (explaining that "§ 4B1.2(a) contains two clauses - the 'elements clause,' § 4B1.2(a)(1); and the 'enumerated offenses clause,' § 4B1.2(a)(2).").

II. Analytical Framework

Courts use the "categorical approach to determine whether a state crime qualifies as a crime of violence for Guidelines purposes." *United States v. Molinar*, 881 F.3d 1064, 1067 (9th Cir. 2017), *amended*, (9th Cir. 2018). Under that approach, the court looks "only to the fact of conviction and the statutory definition of the prior offense, not to the defendant's actions underlying the conviction." *Id.* (internal quotation marks omitted). The court "presume[s] that the conviction rested upon nothing more than the least of the acts criminalized." *Id.* (internal quotation marks and brackets omitted).

"If the language of the state statute only reaches conduct that falls into the generic federal definition, a conviction under that law is categorically a crime of violence" and the court's inquiry ends. *United States v. Werle*, 877 F.3d 879, 881 (9th Cir. 2017). But, "if the language of the state statute sweeps more broadly than the generic federal definition, a conviction under that statute may only qualify as a crime of violence if the statute is 'divisible[.]'" *Id.* "Divisible" is used to describe a statute which "lists several alternative elements, really several different crimes,

as opposed to various means of committing a single crime." *Id.* (citing *Descamps v. United States*, 570 U.S. 254 (2013)).

If the statute is divisible, the court may then rely on the "modified categorical approach" to discover which statutory elements "formed the basis of the defendant's prior conviction." *Id.* (internal quotation marks omitted). In that inquiry, the court may review a "limited class of extra-statutory documents such as indictments and jury instructions." *Id.* (brackets omitted). Once the court has "gathered the elements of the defendant's true crime of conviction," the court returns to the categorical approach and compares the elements to the generic federal definition of a crime of violence. *Id.*

III. Washington Robbery Statute

At the time of Defendant's state conviction, which was in June 2000[2], the Washington statute for robbery in the first degree provided:

> (1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:
>     (a) Is armed with a deadly weapon; or
>     (b) Displays what appears to be a firearm or other deadly weapon; or
>     (c) Inflicts bodily injury.

RCW 9A.56.200 (2000).[3]

---

[2] *See* Presentence Investigation Report ¶ 44, ECF 31 (Sealed).

[3] The statute was amended in 2002. The amended, and current, statute, includes the same three aggravating factors but adds the additional factor of committing a robbery within and against a financial institution as defined in RCW 7.88.010 or 35.38.060. Wash. Rev. Code § 9A.56.200 (2017). Neither party addresses whether the version of the statute in place at the time of Defendant's conviction or the current version is used for the "crime of violence" analysis. Cases and logic indicate that the version in place at the time of conviction is the appropriate version to consider. *E.g.*, *United States v. Valdivia-Flores*, 876 F.3d 1201, 1207 (9th Cir. 2017) ("[a]t the time of Valdivia-Flores's conviction, Washington's aiding and abetting statute stated . . . ."); *Linares-Gonzalez v. Lynch*, 823 F.3d 508, 511 n.1 (9th Cir. 2016) (in analyzing whether prior

At the time of Defendant's conviction, the statute for robbery under Washington law provided:

> A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property, or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

RCW 9A.56.190.

IV. Discussion

A. The Elements Clause

Several recent decisions from the federal district courts in Washington have concluded that Washington's first-degree robbery statute is not a "violent felony" under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). *E.g.*, *Lee v. United States*, No. C16-0949JLR, 2017 WL 387391, at *6 (W.D. Wash. Jan. 27, 2017) (concluding that first-degree robbery under Washington law did not qualify as an ACCA predicate felony under the elements clause because "[n]either the core definition of robbery (shared by first- and second-degree

---

convictions were categorical crimes, the court applied the "then-applicable versions of the statutes at the time of Petitioners' convictions[.]"); *Summers v. Feather*, 119 F. Supp. 3d 1284, 1290 (D. Or. 2015) (in analyzing whether a Washington state burglary conviction constituted a generic burglary, court noted that "[a]t the time of petitioner's Second Degree Burglary convictions, the Washington State statute, RCW 9A.52.030, provided as follows: . . . ."). Logically, this makes sense. Because the career offender statute analyzes whether a *past* conviction constituted a crime of violence, the court must logically examine the statute at the time of conviction. Thus, I rely on the version of the first-degree robbery statute in effect in Washington as of the date of Defendant's conviction - the year 2000. Both parties erroneously cite to the current version of the statute.

robbery) nor the aggravating factors specific to Washington first-degree robbery match the definition of a violent felony under the ACCA's elements clause"); *United States v. Navarro*, No. 2:10-cr-2104-RMP, 2016 WL 1253830, at *5 (E.D. Wash. Mar. 10, 2016) (concluding that the 1998 definition of first-degree robbery in Washington was not a categorical match for the ACCA's requirement of physical force because it criminalized physical force against property); *United States v. Packer*, No. 2:04-cr-0263-WFN-1, 2016 WL 1253870, at *4 (E.D. Wash. Mar. 8, 2016) (prior first-degree robbery conviction under Washington law was not a violent felony under the ACCA based on any of three reasons put forth by the defendant: (1) degree of force includes *de minimis*, and thus, not violent, force; (2) force allowed included constructive force - fear of possible force; and (3) the statute criminalizes force against property).

These ACCA cases are relevant because the ACCA's definition of "violent felony" is identical to the definition of "crime of violence" under USSG § 4B1.2(a)(1). *Compare* 18 U.S.C. § 924(e)(2)(B)(i) *with* USSG § 4B1.2(a)(1); *see Wicklund*, 2016 WL 6806341, at *2 n.2 (relying on ACCA cases in analyzing "crime of violence" issue under § 4B1.2(a)(1) and noting that the ACCA analysis is "equally applicable here" because the terms "violent felony" in the ACCA and "crime of violence" in the USSG are "interpreted according to the same precedent[.]").

*Lee* and *Navarro* both explained that under *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*), Washington's robbery statute does not meet the ACCA violent felony conviction under the elements clause. *Lee*, 2017 WL 387391, at *6-7 (under *Johnson I*, "physical force" as used in the ACCA definition of "violent crime" means "'force capable of causing physical pain or injury to another person'" and because physical force against a person is not a necessary element of robbery under Washington law, the statute was overbroad) (quoting

*Johnson I*, 559 U.S. at 140) (citing *Lilley v. United States*, No C16-0410JLR, 2016 WL 6997037, at *17-20 (W.D. Wash. Nov. 30, 2016) (core definition of robbery does not qualify as a violent offense under the elements clause because physical force against a person is not a necessary element of that offense); *Dietrick v. United States*, No. C16-0705 MJP, 2016 WL 4399589, at *4 (W.D. Wash. Aug. 18, 2016) (same)); *Navarro*, 2016 WL 1253830, at *5 (because *Johnson I* requires force directed against a person, Washington robbery statute which criminalizes threats against property is overbroad).

These cases went on to conclude that the aggravating factors in the first-degree robbery statute did not save it from being overbroad. *Lee*, 2017 WL 387391, at *7; *Navarro*, 2016 WL 1253830, at *5. As *Lee* explained, at least one of the aggravating factors, being armed with a deadly weapon, does not require the use of violent force. *Lee*, 2017 WL 387391, at *7 ("'The fact that an individual is armed does not necessarily mean that he or she has used the weapon in any way'") (quoting *United States v. Werle*, 815 F.3d 614, 621 (9th Cir. 2016) (brackets omitted)); *see also Navarro*, 2016 WL 1253830, at *5 (explaining that a first-degree robbery conviction under Washington law for "unlawfully taking personal property from the person of another against his will by the use or threatened use of immediate force to that person *or his property*" by "display[ing] what appears to be a firearm or other deadly weapon," allows a conviction for physical force against property and is overbroad); *Packer*, 2016 WL 1253870, at *4 (by criminalizing force against property, first degree robbery statute is not a categorical crime of violence).

I agree with the reasoning of these cases. The Washington robbery statute plainly allows convictions based on threats to property. At least some of the aggravating factors for first-degree

robbery do not require force to be directed against a person.  Thus, first-degree robbery under Washington law is overbroad under the elements clause.

Moreover, the statute is not divisible.  *Lee*, 2017 WL 387391, at *7 (jury deliberating first-degree robbery charge in Washington need not agree on whether the force was directed at a person or property); *Navarro*, 2016 WL 1253830, at *5-6 (jury in Washington first-degree robbery case required only "to unanimously conclude that a defendant used or threatened to use force against something, be it a person or that person's property"); *Packer*, 2016 WL 1253870, at *4-5 (because jury in Washington first-degree robbery charge need not agree on whether force was against a person or property, "jury unanimity is not required on the specific element that requires force against a person," making it not divisible).  Again, I concur with these cases.

Accordingly, based on the reasoning in *Lee* and the other cases from federal district courts in Washington, I conclude that first-degree robbery under Washington law is categorically overbroad and indivisible.  Thus, it is not a crime of violence under the elements clause of USSG § 4B1.2(a)(1).

B.  The Enumerated Offense Clause

Robbery is one of the enumerated offenses in USSG § 4B1.2(a)(2).  As I explained in *Wicklund*, the fact that it is specifically enumerated in § 4B1.2(a)(2) "strongly indicates that the offense of robbery qualifies as a 'crime of violence.'" *Wicklund*, 2016 WL 6806341, at *3 (citing *United States v. Mendoza-Padilla*, 833 F.3d 1156, 1158-59 (9th Cir. 2016)).  Still, the court must apply the categorical approach analysis outlined above.  *Id.*

Based on the parties' briefing, three issues are involved in determining whether first-degree robbery under Washington law is a "robbery" within the meaning of the enumerated

offense clause of the career offender provision. The first question is whether the Washington first-degree robbery statute encompasses conduct broader than threats to persons. The next question is whether the enumerated offense definition encompasses conduct broader than threats to persons. The final question is whether there is a realistic probability that a person would be prosecuted in Washington for first-degree robbery for conduct that did not involve threats to persons.

1. Washington First Degree Robbery

The Ninth Circuit defines "generic robbery" as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances *involving immediate danger to the person*." *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008) (emphasis added). As *Lee* discussed, and as Defendant here argues, Washington's first-degree robbery statute is overbroad compared to the federal generic definition of robbery because the Washington statute applies where force is threatened against property rather than a person. *Lee*, 2017 WL 387391, at *7 (Washington first-degree robbery does not require intent to use force against a person).

In *Becerril-Lopez*, the Ninth Circuit considered whether a California robbery conviction met the definition of crime of violence in USSG §2L1.2, which included robbery in an enumerated list of several crimes. *Becerril-Lopez*, 541 F.3d at 890. The court, using the categorical approach, analyzed whether the California robbery conviction was a "per se" offense under the Guidelines. *Id.* It concluded that because the California statute encompassed mere threats to property, such as "[g]ive me $10 or I'll key your car," the statute was not "categorically 'robbery' as used in the Guideline." *Id.* at 891.

Under *Becerril-Lopez*, and consistent with *Lee*, the Washington first-degree robbery

9 - OPINION

statute is broader than the generic definition of robbery adopted by the Ninth Circuit because the Washington statute encompasses threats to property. In its Supplemental Memorandum, the Government argues otherwise, contending that Washington robbery is a crime of violence. I find the Government's argument unconvincing.

In *United States v. Molinar*, the Ninth Circuit considered first whether Arizona's armed robbery statute was consistent with the elements/force clause of USSG § 4B1.2 in light of *Johnson I's* definition of violent force. 881 F.3d at 1068-70. The court concluded that the Arizona law did not meet the definition of violent force as required and thus, the defendant's prior conviction did not qualify as a crime of violence for Guidelines purposes under the elements/force clause. *Id.*

The court then went on to discuss the enumerated offense clause. *Id.* at 1070-74. Ultimately, the *Molinar* court concluded that Arizona robbery was "coextensive with generic robbery." *Id.* at 1074. In reaching this conclusion, the *Molinar* court first affirmed that under *Becerril-Lopez*, generic robbery was defined as "'aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person.'" *Id.* at 1071 (quoting *Becerril-Lopez*, 541 F.3d at 891). The issue the *Molinar* court then confronted was the generic definition's meaning of "immediate danger to the person." *Id.* The court explained that it had "not previously examined" this phrase in depth and further, that "beyond stating that threats to a person's property do not suffice to constitute an immediate danger to the person, *Becerril-Lopez* said nothing else about how much danger to the person is required." *Id.* & n.6.

*Molinar* explained that "for a state crime to be equivalent to generic robbery, it must

require property to be taken from a person or a person's presence by means of force or putting in fear." *Id.* It further examined how much force was needed to comport with the definition. *Id.* at 1072. It concluded that the Supreme Court's definition of "violent force" in *Johnson I* did not apply to the understanding of "force" in the generic robbery definition. *Id.* (stating that enumerated offenses do not need to include the threat or use of violent force to be crimes of violence because otherwise, the enumerated felonies would be "surplusage."). In the end, the court concluded that the "generic definition of robbery encompasses not only de minimis force sufficient to compel acquiescence to the taking of or escaping with property, but also the implied threat of force." *Id.* (footnote omitted).

Notably, the Arizona state robbery statute under consideration in *Molinar* required a threat or use of force "against a person." *Id.* at 1069. The state statute defined "force" as "any physical act directed against a person as a means of gaining control of property." *Id.* There was no issue in *Molinar*, as there is here, that the underlying state statute allowed a robbery conviction based on a threat to *property*. Thus, the entire discussion in *Molinar*, from which the Government selectively quotes, is largely irrelevant. And, given the *Molinar* court's express recognition that *Becerril-Lopez* held that threats to a person's property do not meet the required "immediate danger to the person" element in the generic robbery definition, the Government cannot convincingly contend that *Molinar* is on point. The fact that the *Molinar* court held that Arizona armed robbery met the definition of generic robbery to establish it as a crime of violence under the enumerated offense clause of the Guidelines does not matter here when the underlying statute at issue encompasses threats or harm to property.

The Government contends that the aggravating factors found in Washington's first-degree

11 - OPINION

robbery statute save the statute. Not so. As discussed above, the factors are in the disjunctive. First-degree robbery is robbery as previously defined, plus (1) armed with a deadly weapon; *or* (2) displays what appears to be a firearm or deadly weapon; *or* (3) inflicts bodily injury. RCW 9A.56.200. The Government does not contest that the statute is not divisible and in fact agreed with the Defendant on this point at oral argument. Thus, while the third aggravating factor meets the requirement of threats of or use of force as to a person, neither of the first two aggravating factors necessarily does. *See Lee,* 2017 WL 387391, at *7 (holding that being armed with a deadly weapon does not mean that the weapon has been used).

Next, the Government argues that in an unpublished opinion, the Ninth Circuit rejected the argument that a Washington robbery conviction is not a crime of violence because it can be committed by means of instilling a fear of injury to property and threats of injury to property. But, the case is not on point because its analysis does not go far enough. In *United States v. Powell*, 708 F. App'x 294 (9th Cir. 2017), the court held that it was not plain error for the district court to conclude that the Washington robbery conviction met the crime of violence definition. *Id.* at 295-96. Relying on *Becerril–Lopez*, the court explained that there, the Ninth Circuit had held that the California statute was broader than generic robbery, but, the *Powell* court continued, the *Becerril-Lopez* court nevertheless held that a conviction under the state statute was a crime of violence under the categorical approach because "'[t]akings through threats to property . . . fall within generic extortion.'" *Id.* at 296 (quoting *Becerril-Lopez*, 541 F.3d at 891). The *Powell* court then noted that because the defendant had failed to show a material distinction between the California statute on the one hand and Washington second-degree robbery on the other, he had not established plain error by the trial court. *Id.*

The problem with the Government's reliance on this case is that *Powell*, like *Becerril-Lopez*, held that Washington robbery does *not* in fact meet the definition of generic robbery. Whether it may be a crime of violence under the enumerated offense clause because it meets the generic definition of extortion is another argument which I address below. But, neither *Becerril-Lopez* nor *Powell* hold that Washington robbery meets the definition of generic robbery under the enumerated offense clause.

Washington first-degree robbery does not meet the generic definition of robbery.

2. Enumerated Offense Clause - Amended Definition of Extortion

The *Becerril-Lopez* court did not stop its analysis when it concluded that the California robbery statute encompassed conduct broader than the generic definition of robbery. It went on to explain that "[t]akings through threats to property and other threats of unlawful injury fall within generic extortion which was also one of the enumerated offenses in the applicable Guideline provision." 541 F.3d at 891. The definition of generic extortion that the court relied on was "'obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats.'" *Id.* (quoting *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003)). The court explained that "[u]nlike robbery, the threats that can constitute extortion under the modern statutes include threats to harm property and to cause other unlawful injuries." *Id.* at 892. The court found no authority suggesting that the "fear of 'unlawful injury' punished by [the California statute] is incompatible with general extortion." *Id.* Distancing itself from the "suggest[ion] that extortion is necessarily a lesser-included offense of robbery[,]" the court explained that it was "simply conclud[ing] that if a conviction under [the California statute] involved a threat not encompassed by generic robbery, it would necessarily constitute generic

13 - OPINION

extortion and therefore be a 'crime of violence' under U.S.S.G. § 2L1.2." *Id.*

Defendant argues that this portion of *Becerril-Lopez* is no longer good law because the generic extortion definition relied on by the *Becerril-Lopez* court has been amended by a different, and narrower, definition in the commentary to USSG § 4B1.2. The amended definition of "extortion" is "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." USSG § 4B1.2, App. Note 1. In making the change, the United States Sentencing Commission explained that in adopting Amendment 798, it deliberately selected a narrower definition for extortion than that used by *Becerril-Lopez* and other cases:

> Under case law existing at the time of this amendment, courts generally defined extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats" based on the Supreme Court's holding in United States v. Nardello, 393 U.S. 286, 290 (1969) (defining "extortion" for purposes of the Hobbs Act). Consistent with the Commission's goal of focusing the career offender and related enhancements on the most dangerous offenders, the amendment narrows the generic definition of extortion by limiting the offense to those having an element of force or an element of fear or threats "of physical injury," as opposed to non-violent threats such as injury to reputation.

USSG, Supp. to App'x. C, Amend. 798 at 131 (Nov. 1, 2016).

Defendant argues that the new definition of extortion does not encompass threats to property because such conduct does not qualify as a fear or threat of physical injury. Thus, Defendant argues, because first-degree robbery under Washington law encompasses such fear of injury to property, it does not qualify as an enumerated offense.

Judge Jones recently rejected a similar argument, but a California case he did not cite came to the opposite conclusion. In a 2017 case, the Northern District of California recognized

14 - OPINION

that the definition of extortion as amended by the Sentencing Commission after *Becerril-Lopez*, is "more restrictive than the generic definition of extortion" applied by the court in *Becerril-Lopez*. *United States v. Nickles*, 249 F. Supp. 3d 1162, 1163 (N.D. Cal. 2017), *appeal filed*, No. 17-10206 (9th Cir. May 12, 2017). The court found that the new definition of extortion "does not include threats to property, but limits the offense to those having an element of force or an element of fear or threats of physical injury[.]" *Id.* In the absence of published Ninth Circuit authority on the question of whether a prior robbery conviction under the California statute qualifies as a crime of violence under the amended career offender guidelines, the court "decline[d] to extend the holding of *Becerril-Lopez* to the current definition of crime of violence under § 4B1.2, which no longer includes generic extortion among the enumerated offenses." *Id.* Thus, the court found that the defendant's prior robbery conviction did not qualify as a crime of violence and did not justify an increase in the base offense level. *Id.*

In contrast, Judge Jones explained that he "[did] not read the [USSG] commentary as limiting extortion to injury to a person and excluding injury to property[.]" . . . The commentary's focus is on violent versus non-violent threats." *United States v. Johnson*, No. 3:98-cr-00398-JO, 2017 WL 4082823, at *3 (D. Or. Sept. 15, 2017). Judge Jones characterized the defendant's argument that had the Sentencing Commission intended to include physical injury to property, it could have done so as it has in other provisions, as "strong and logical[.]" *Id.* But, he then found "more persuasive the government's reciprocal argument that the Sentencing Commission could have excluded physical injury to property from the generic definition of extortion had it so wanted, and did not." *Id.* Given that, he concluded that the defendant's prior conviction for robbery of an inhabited dwelling under Oregon law was a crime of violence for purposes of the

15 - OPINION

career offender guideline provision. *Id.*

I agree with the *Nickles* court. If the Sentencing Commission had meant for the new, amended definition of "extortion" to include threats to property when it referred to "physical injury," it would have made its intent clear as it has in other provisions. *E.g.*, USSG § 2C1.1(c)(3) (providing that "[i]f the offense involved a threat of physical injury or property destruction, [courts] apply § 2B3.2 (Extortion by Force or Threat of Injury or Serious Damage) . . . "); USSG § 2J1.2(b)(1)(B) (providing that "if the offense involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruction the administration of justice, increase by 8 levels"); USSG § 5K2.2 (indicating that an enhanced sentencing range for "physical injury" corresponds to degree of injury that the "victim suffers"); USSG § 5K2.12 (providing that "[o]rdinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency"). These other Guidelines provisions strongly suggest that because the Sentencing Commission, in amending the definition of extortion, omitted an express reference to property (or other language consistent with such an express reference), it meant the amended definition to exclude threats to property. Such an interpretation is consistent with the plain meaning of the term physical injury. *See Black's Law Dictionary* (10th ed. 2014) (defining "physical injury" as "bodily injury" which in turn is defined as "physical damage to a person's body"). Moreover, the Sentencing Commission's express goal of focusing the career offender sentencing enhancements to the "most dangerous" subset of extortioners, supports this interpretation.

Although different interpretations are possible, I do not find them to be the most

reasonable interpretation. The use of "physical injury" is most easily seen as addressing injury to a person. The phrases "fear of physical injury" or "threat of physical injury" did not require more specific definition such as "physical injury to a person" when "physical injury" is most commonly understood to mean just that. Overall, when read in the context of the Sentencing Commission's goal of narrowing the definition, when the common understanding of "physical injury" is considered, and when other provisions in the Guidelines are examined, I interpret the amended definition of "extortion" to exclude threats to property.

I conclude that the applicable definition of extortion excludes threats to property. Because the Washington first-degree robbery statute includes threats to property, and the definition of generic robbery as well as the applicable definition of extortion both exclude threats to property, the Washington robbery conviction does not categorically qualify as a crime of violence under the enumerated offense clause.

### 3. Realistic Probability

The Government contends that Defendant cannot prevail on his argument without showing that there is a realistic probability that the state would apply its first-degree robbery statute to conduct that falls outside the generic definition of the crime. *See Becerril-Lopez*, 541 F.3d at 891. In applying the categorical approach, the court "must find a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition" of the enumerated crime. *Nunez v. Holder*, 594 F.3d 1124, 1129 (9th Cir. 2010) (internal quotation marks omitted). One way the realistic probability may be established is by "showing that, in at least one other case, the state courts in fact did apply the statute in the special (nongeneric) manner[.]" *Id.* (internal quotation marks omitted). The Government argues

that Defendant has not cited to a single case where someone was successfully convicted of first degree robbery under Washington law based exclusively on a threat to property. Thus, the Government argues that while it may be theoretically possible, it is not a realistic probability.

However, *Becerril-Lopez* itself states that the "realistic probability" test may be met by "showing that the text of the state statute expressly includes a broader range of conduct than the Guideline." *Becerril-Lopez*, 541 F.3d at 890. In a 2015 case, the Ninth Circuit made clear that citing to a state case applying the offense in the manner argued by the defendant is "not the only way" to establish realistic probability. *Chavez–Solis v. Lynch*, 803 F.3d 1004, 1009 (9th Cir. 2015). The court noted that it had previously explained that

> if "a state statute explicitly defines a crime more broadly than the generic definition, no 'legal imagination' is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime." *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc) (citation omitted); *see also United States v. Vidal*, 504 F.3d 1072, 1082 (9th Cir. 2007) (en banc). Accordingly, when a "state statute's greater breadth is evident from its text," a petitioner need not point to an actual case applying the statute of conviction in a nongeneric manner. *Grisel*, 488 F.3d at 850. The petitioner may simply "rely on the statutory language to establish the statute as overly inclusive." *Vidal*, 504 F.3d at 1082.

*Id.* at 1009-10.

The Washington robbery statute's text makes clear that threats to property are included. Two of the aggravating factors to elevate that crime to first-degree robbery also plainly do not require threats to a person. Because the statute is divisible, the one aggravating factor of bodily injury is not enough to make it a categorical match with the generic definition of robbery or extortion. Defendant has met his burden of establishing realistic probability.

/ / /

CONCLUSION

Defendant's prior Washington conviction for first-degree robbery under RCW 9A.56.200 does not qualify as a crime of violence for purposes of § 4B1.2 of the Guidelines and thus, the career offender guideline sentencing enhancement does not apply to Defendant's sentence.

Dated this 23 day of March, 2018

/s/ Marco Hernandez
Marco A. Hernández
United States District Judge