IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

CODY JOE JONAS,

        Defendant.

No. 3:17-cr-00050-HZ
    3:19-cv-00038-HZ

OPINION & ORDER

Billy J. Williams
United States Attorney
District of Oregon
Paul Maloney
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Cody Joe Jonas
FCI Sheridan
PO Box 5000
Sheridan, OR 97378

    Pro Se Defendant

HERNÁNDEZ, District Judge:

Defendant Cody Joe Jonas moves to vacate or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that trial counsel was deficient in advising Defendant about his potential appeal. For the reasons that follow, the Court denies the motion.

**BACKGROUND**

On April 25, 2017, Defendant entered a guilty plea to an Indictment charging him with a single count of Bank Robbery under 18 U.S.C. § 2113(a). Indictment, ECF 6; Plea Hr'g Mins., ECF 19. The Indictment alleges Defendant took by force $4,455 from a U.S. Bank in Portland, Oregon. Indictment. Defendant entered his guilty plea without a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Plea Pet. & Order Ent. Plea, ECF 20.

At sentencing, the parties disputed whether Defendant's prior Washington conviction for first-degree robbery under RCW 9A.56.200 qualified as a crime of violence for purposes of § 4B1.2 of the Sentencing Guidelines. Mins. Proceedings, ECF 38. The Court concluded that it did not and therefore did not apply the career offender guideline sentencing enhancement to Defendant's sentence. *Id.*; Op. & Order, ECF 42. With the career offender enhancement, Defendant faced a sentencing guidelines range of 151 to 188 months. Present. Invest. Rep't 1, ECF 26.

On March 28, 2018, this Court imposed a 96-month prison term for the single count of bank robbery to be served consecutively with a 14-month sentence for violating the terms of his supervised release in a related case. Judgment, ECF 44; Sentencing Hr'g Tr. 51:3–15, ECF 46. The 96-month sentence was an upward variance from the guidelines range based on the factors outlined in 18 U.S.C. § 3553(a). Sentencing Hr'g Tr. 45:2–7. At the sentencing hearing, the Court twice informed Defendant that he had a right to appeal his sentence under certain

circumstances and that any appeal must be filed within fourteen days of the entry of judgment. Sentencing Hr'g Tr. 49:18–24, 51:16–23.

There is no dispute that Defendant and defense counsel, Mr. Samuel Kauffman, discussed a possible appeal twice in the week that followed Defendant's sentencing and that Mr. Kauffman advised Defendant not to appeal his case. *See* Def. Mot. 6, ECF 47; Gov't Ex. 1 ("Kauffman Decl.") ¶¶ 4–7, ECF 50-1. Defendant contends that Mr. Kauffman discouraged him from filing an appeal because "the government might be successful in convincing the Ninth Circuit Court of Appeals that [he] should have been classified as a Career Offender" and the Government "could get a higher sentence at any re-sentencing [he] may prevail on." Def. Mot. 6. Mr. Kauffman similarly recalls advising Defendant that, "though there were issues he could raise on appeal, . . . he would not likely prevail." Kauffman Decl. ¶ 5. He said that the Government was more likely to appeal the Court's ruling on the career offender enhancement if Defendant appealed, and—though unlikely—Defendant could face a more severe sentence on remand given the application of the enhancement. *Id.* at ¶ 6. Accordingly, he advised Defendant that it might be best to wait and see if the Government appealed to decide whether to file his own appeal. *Id.* at ¶ 5. Mr. Kauffman also recalls informing Defendant that it was Defendant's decision whether to appeal and that he would file a notice of appeal on his behalf if Defendant wanted him to do so. *Id.* at ¶ 7. Both parties agree that after these conversations Defendant opted to think about it further. *Id.*; Def. Mot. 6. The parties disagree, however, as to whether Mr. Kauffman told Defendant he had fourteen or thirty days to appeal his sentence. *Compare* Kauffman Decl. ¶¶ 4, 7 *with* Def. Mot. 6. In addition, Mr. Kauffman declares that Defendant told him within the fourteen-day period that "he had decided not to file a notice of appeal unless the government did so first." Kauffman Decl. ¶ 8.

3 – OPINION & ORDER

Defendant alleges that he "eventually" asked Mr. Kauffman to file a notice of appeal on his behalf after "further discussions with [his] attorney." Def. Mot. 6. According to Mr. Kauffman, on July 9, 2018, Defendant sent him a letter in which he inquired both about filing a "2255 appeal" and about forms for filing an appeal. Kauffman Decl. ¶ 10. Mr. Kauffman responded in a July 18, 2018 letter and informed Defendant that the appeal period had lapsed: "As we discussed, a notice of appeal had to have been filed within 30-days [sic] of entry of the judgment." *Id.* Mr. Kauffman also asserts that both he and his staff spoke to Defendant and his family multiple times about the release of an impounded car, and Defendant never asked about an appeal. *Id.* at ¶ 9.

Defendant did not appeal his sentence. *See* Def. Mot. 3. On January 8, 2019, Defendant filed the present motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Def. Mot. at 5.

## STANDARDS

Under § 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct a sentence on the basis that the sentence violates the Constitution or the laws of the United States. 28 U.S.C. § 2255(a); *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citing *Davis v. United States*, 417 U.S. 333 (1974)). The petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, the defendant is entitled to a hearing in which the court determines the issues and makes findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "The standard for granting an evidentiary hearing [under § 2255] entails assuming the truth of [the defendant's] factual allegations[.]" *United States v. Leonti,* 326 F.3d 1111, 1121 (9th Cir. 2003). When faced with conflicting sworn accounts from a defendant and his trial attorney, a district court is required to hold an evidentiary hearing if the defendant's version of the facts would entitle him to relief. *United States v. Reyes-Bosque*, 624 F. App'x 529, 530 (9th Cir. 2015) (finding that district court erred in holding that the defendant's claim was self-serving because "Section 2255(b) imposes no requirement of independent corroboration, and a declaration is not inherently unbelievable merely because it is self-serving"). "Therefore, 'a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims,' and failure to grant one in such a circumstance is an abuse of discretion." *Id.* (quoting *Baumann v. United States,* 692 F.2d 565, 571 (9th Cir. 1982)).

## DISCUSSION

Defendant now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The sole issue presented by Defendant's motion is whether his trial counsel, Mr. Kauffman, was ineffective. Specifically, Defendant argues that Mr. Kauffman was ineffective because he erroneously advised Defendant not to file an appeal and incorrectly told Defendant that the period in which to appeal was thirty days. Because the Court finds that the record and Defendant's version of the facts conclusively show that Defendant is entitled to no relief, the Court denies Defendant's motion without an evidentiary hearing.

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. VI. "[T]he right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled.'" *See Strickland v. Washington*, 466 U.S. 668, 685 (1984) (internal citation omitted). Therefore, the right to counsel guaranteed in the Sixth Amendment is the right to *effective* assistance of counsel. *Id*. at 686.

The defendant must prove two elements under *Strickland* to succeed on a claim for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Id*. at 687. The Court must analyze counsel's performance considering the circumstances at the time: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

The Supreme Court has crafted specific standards for determining whether an attorney is ineffective in failing to file an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). If the court determines defense counsel disregarded a defendant's specific instructions to file a notice of appeal, counsel is per se deficient. *Id.* at 477. If the defendant did not specifically instruct counsel to file an appeal, then the court asks: "(1) whether counsel consulted with the defendant about an appeal," and "(2) if not, was failure to consult deficient performance." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195–96 (9th Cir. 2005). If counsel "advis[ed] the defendant

about the advantages and disadvantages of taking an appeal, and [made] a reasonable effort to discover the defendant's wishes," counsel is only deficient if they disregarded defendant's specific instructions about an appeal. *Flores-Ortega*, 528 U.S. at 478. If counsel did not consult with the defendant, their failure to do so is deficient when "there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Deficient performance in this context often deprives a defendant of an entire judicial proceeding—the appellate process. *Id.* at 483. Accordingly, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Defendant need not make any "'further showing' of his claims' merit." *See Garza v. Idaho*, 139 S.Ct. 738, 747–49 (2019) (holding that the test in *Flores-Ortega* applies equally to cases where the defendant has signed an appeal waiver).

In the present case, there is no dispute that Defendant did not instruct counsel to file an appeal within the fourteen-day appeal deadline or that Mr. Kauffman consulted with Defendant about filing an appeal. Rather, Defendant argues that Mr. Kauffman was deficient in advising him as to (1) the advantages and disadvantages of filing an appeal and (2) the deadline for filing an appeal.

As to Defendant's first argument, the Court finds that Mr. Kauffman was not deficient in advising Defendant as to the advantages and disadvantages of filing an appeal. He told Defendant that "the government may be more likely to appeal the Court's ruling on the career offender enhancement than if he did not file an appeal[.]" Kauffman Decl. ¶ 6. He further informed Defendant that reversal of this issue could result in resentencing and, though unlikely, a

7 – OPINION & ORDER

lengthier sentence. *Id.* Thus, he ultimately advised Defendant "to wait to see if the government filed a notice of appeal regarding the career offender ruling and only then file his own notice of appeal." *Id.* at ¶¶ 6–7. Mr. Kauffman also told Defendant that it was his decision to appeal and that he would file a notice of appeal if Defendant wanted. *Id.* at ¶ 7. At the time Mr. Kauffman rendered this advice, the Ninth Circuit had not yet determined whether first-degree robbery under Washington law constituted a crime of violence under § 4B1.2(a) of the Sentencing Guidelines. *See United States v. Peterson*, 902 F.3d 1016, 1021 (9th Cir. 2018) (On September 4, 2018, the Ninth Circuit found that a more recent version of Washington's first-degree robbery statute was not a crime of violence under the enumerated offenses clause). As demonstrated by the presentence report, Defendant faced a sentence of 151 to 188 months with the career offender enhancement. Present. Invest. Rep't 1, ECF 26; Sentencing Hr'g Tr. 40:2–7, ECF 46. Consequently, under the circumstances of this case, the Court cannot say that Mr. Kauffman's advice was deficient.

Defendant's second argument also fails. Defendant alleges that if he had been advised correctly by Mr. Kauffman that he had fourteen days to appeal under Federal Rule of Appellate Procedure 4(b)(1)(A) he would have "told him to file [his] appeal asap" rather than weigh his options. Def. Mot. 7. But, even assuming that Defendant is correct that Mr. Kauffman erroneously told him that his appeal period was thirty days, Defendant cannot demonstrate that "but for counsel's deficient conduct, he would have appealed." *Flores-Ortega*, 528 U.S. at 486. Defendant asserts that he "eventually" asked Mr. Kauffman to file an appeal but gives no indication as to when this request was made. Rather, the undisputed evidence in the record demonstrates that Defendant chose to "weigh his options" in the period following his sentencing, Def. Mot. 6, and that Defendant's first request to file an appeal came on July 9, 2018, over 100

days after judgment was entered, Kauffman Decl. ¶ 10. In other words, there is no evidence that Defendant relied on counsel's erroneous advice and was prejudiced by it. *See id.* at 484 ("[C]ounsel's deficient performance must actually cause the forfeiture of the defendant's appeal."). Thus, Defendant's motion fails.

## CONCLUSION

The Court DENIES Defendant's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. Because Defendant has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), the Court also denies a Certificate of Appealability.

IT IS SO ORDERED.

Dated this __10__ day of __July__, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge