IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

CODY JOE JONAS,

               Defendant.

No. 3:17-cr-00050-HZ
     1:08-cr-30007-HZ

ORDER

HERNÁNDEZ, District Judge:

Defendant Cody Joe Jonas moves for the Court to reduce his sentence to 78 months[1] under 18 U.S.C. § 3582(c)(2). The Government opposes Defendant's motion. For the reasons that follow, the Court denies Defendant's motion.

**BACKGROUND**

On April 25, 2017, Defendant pleaded guilty to bank robbery. Plea Pet., ECF 20. The Presentence Investigation Report ("PSR") determined that Defendant's total criminal history

---

[1] Defendant's initial motion seeks a reduction to 87 months. Def. Mot. 1, ECF 91. In his reply, Defendant amended his request to seek a reduction to 78 months. Def. Reply 2, ECF 99.

category was IV and recommended a sentence of 57 to 71 months. Rev. PSR, ECF 39. In calculating his criminal history category, Defendant received two additional criminal history points because he was on supervised release at the time he committed the instant offense. Rev. PSR ¶ 53.

On March 28, 2018, Defendant was sentenced to 96 months imprisonment. J. & Comm't., ECF 44. The Court adopted the PSR at sentencing but varied upward in imposing the sentence. Sent. Hr'g. Tr., ECF 46. Explaining that imposing an upward variance should only occur in the most unusual of circumstances, the Court explained that a variance was warranted in this case because of the nature of the underlying case, Defendant's lengthy and violent criminal history, Defendant's issues while in custody and in a residential re-entry center, Defendant's significant mental health and drug disorders that needed treatment, and the need to avoid sentencing disparities. *Id.* The Court concluded the guideline range of 57 to 71 months did not adequately account for these factors and, in consideration of the 3553(a) factors, sentenced Defendant to 96 months. *Id.* Separately, the Court sentenced Defendant to 14-months imprisonment for violating the terms of his supervised release that was to run consecutively with his 96-month sentence. J., Case No. 1:08-cr-30007-HZ-1, ECF 80. Defendant's projected release date is April 22, 2025. Def. Mot. 3.

## STANDARDS

Under 18 U.S.C. § 3582(c)(2),

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 828 (2010). The exception, however, is limited; it "does not authorize a resentencing." *Id.* at 831. Rather, "it permits a sentence reduction within the narrow bounds established by the Commission." *Id.*

In deciding whether to reduce a sentence based on a retroactive amendment to the U.S. Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 826.

## DISCUSSION

Defendant seeks a reduction of his sentence pursuant to Part A of Amendment 821 to the U.S. Sentencing Guidelines. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by defendants who commit their offense while under a criminal justice sentence. It omits the two points defendants previously received for committing an offense while under any criminal justice sentence where that defendant otherwise has six or fewer criminal history points. U.S.S.G. § 4A1.1(d). Amendment 821 went into effect November 1, 2023, and applies retroactively so long as the effective date of any order reducing an offender's sentence was February 1, 2024, or later. U.S.S.G. § 1B1.10(d), (e)(2).

The parties agree that under Amendment 821 Defendant would receive six criminal history points instead of eight, resulting in a lower criminal history category of III. The parties otherwise dispute whether a reduction is warranted based on this change. Acknowledging the

Court's upward variance at sentencing, Defendant suggests that the Court should give a proportionately lower sentence to account for the new starting point under the guidelines.

Even assuming that a reduction is authorized in this case, a reduction is not warranted under § 3553(a). As the Court explained in its order denying Defendant's compassionate release motion, the nature of Defendant's underlying offense and the history and characteristics of Defendant are significant. The Court included a two-level enhancement for reckless endangerment during the car chase that ensued from the robbery at issue in this case. During a 2007 robbery, Defendant stole $80,000 from an Oregon casino while brandishing a firearm, pointed a firearm at a security guard, and led officers on a vehicle pursuit prior to his apprehension in San Diego. And Defendant has a lengthy criminal history, including assaulting an individual with a baseball bat, unlawful possession of a firearm, and robbery at gunpoint. He also has a history of drug abuse and tested positive for methamphetamine on his first day of supervised release in January 2017. As the Court noted at sentencing, Defendant's criminal history suggests that he is very likely to re-offend. The consecutive 96-month and 14-month sentences ordered by the Court were necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and to protect the public. As a result, the Court finds that a reduction in Defendant's sentence is not warranted.

## CONCLUSION

Defendant's Motion to Reduce Sentence [91] is DENIED.

IT IS SO ORDERED.

DATED:_____July 5, 2024_____.

_____
MARCO A. HERNANDEZ
United States District Judge